IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAVIER ARTACHE** | : | **CIVIL ACTION** |
| *Petitioner* | : | |
| | : | **NO. 16-3753** |
| **v.** | : | |
| | : | |
| **COMMONWEALTH OF PENNSYLVANIA** | : | |
| *Respondent* | : | |

# O R D E R

**AND NOW**, this 17th day of February 2022, upon consideration of the petition and revised/amended petitions for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 (collectively, the "Petition") by Javier Artache ("Petitioner"), [ECF 1, 3, 8, 21], the *Report and Recommendation* issued by the Honorable Henry S. Perkin, United States Magistrate Judge (the "Magistrate Judge"), which recommended that the Petition be denied, [ECF 102], and Petitioner's objections to the *Report and Recommendation*, [ECF 104], and after conducting a *de novo* review of the objections, it is hereby **ORDERED** that:

1. The *Report and Recommendation* (the "R&R"), [ECF 102], is **APPROVED** and **ADOPTED**;

2. The objections to the R&R, [ECF 104], are without merit and are **OVERRULED**;[1]

---

[1] In the Petition, Petitioner asserts numerous claims, including, *inter alia*, that his trial attorney and PCRA attorney provided ineffective assistance of counsel by failing to object to and/or raise the trial court's unconstitutional use of Petitioner's silence against him when the trial court commented on Petitioner's silence and inferred consciousness of guilt. These claims are premised on the following comments made by the trial judge, sitting as the factfinder, when she announced her verdict:

> The medical examiner's testimony makes very clear that the shooter is directly behind Javier Artache. And I understand you [the Prosecutor] being uncomfortable arguing in the alternative. It's a delicate dance to walk. But what matters about the alternative argument, which is obvious, Javier Artache is either the shooter or he's an eyewitness. And while it may be reasonable for people to run from gunshots, A, it's not reasonable to bike back towards where the gunshots were. Which is the undisputed testimony that he biked back towards the scene. And B, you don't run for two years. You don't run for two years. And even if you did run for some logical reason for two years, when you get busted, you tell

> what you know because you're a witness. You're a witness. You're a witness. These witnesses are all consistent. These witnesses are absolutely all consistent. No cars moved on 17th Street, and that's confirmed by the officer who was first on the scene who roped off the scene before Crime Scene even got there to take pictures. Nothing moved. Javier Artache is the shooter in this case and he gunned David Delgado down in the back of the head for some reason, which is inexplicable to me. But he shot him in the back of the head on the street and he ran away. This is first degree murder. I find Javier Artache guilty of first degree murder.

Petitioner contends that the trial judge's comments violated his Fifth Amendment right to remain silent and not have his silence used against him at trial.

Prior to the Magistrate Judge's issuance of the underlying R&R, the parties filed a stipulation limiting the issues to the "trial court's statement regarding the Petitioner's silence . . . ." [ECF 100]. Following an evidentiary hearing, at which Petitioner's trial and PCRA counsel testified, [ECF 82], the Magistrate Judge issued a well-reasoned, twenty-eight page R&R, in which he recommended that Petitioner's *habeas* petition be denied because Petitioner's ineffective assistance of counsel claims were without merit. Petitioner filed timely objections to the R&R.

When timely objections to an R&R are filed, a court must conduct a *de novo* review of the contested portions of the R&R. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In conducting its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7.

In his counseled objections, Petitioner essentially repeats the arguments he made in his petition and previous briefs concerning the purported violation of his Fifth Amendment right to remain silent by the trial judge, sitting as the factfinder, when, in announcing her verdict, she referenced Petitioner's failure to disclose his contention that he was only a witness to the murder, not the murderer. As correctly outlined in the R&R, the United States Supreme Court (the "Supreme Court") and the United States Court of Appeals for the Third Circuit (the "Third Circuit") have repeatedly held that a defendant's Fifth Amendment right to remain silent is not violated where the defendant's referenced silence occurred pre-arrest and/or pre-*Miranda* warnings. *See, e.g.*, *Fletcher v. Weir*, 455 U.S. 603, 607 (1982) (holding post-arrest silence without *Miranda* may be used to impeach trial testimony); *Anderson v. Charles*, 447 U.S. 404, 407–08 (1980) ("*Doyle* bars the use against a criminal defendant of silence maintained after receipt of governmental assurances."); *McBride v. Superintendent, SCI Houtzdale*, 687 F.3d 92, 104 (3d Cir. 2012) ("Not every reference to a defendant's silence . . . results in a *Doyle* violation."); *United States v. Johnson*, 302 F.3d 139, 147 (3d Cir. 2002) (holding that prosecution's introduction of defendant's post-arrest silence before receiving *Miranda* warnings did not violate due process); *United States v. Judge*, 447 F. App'x 409, 418 (3d Cir. 2011) (holding that a "person's silence in the face of police questioning before he has been issued *Miranda* warnings can be considered substantively against him at trial, without triggering the Fifth Amendment.")

In *Brecht v. Abramson*, 507 U.S. 619 (1993), relying on its previous decision in *Doyle v. Ohio*, 426 U.S. 610 (1975), the Supreme Court noted that post-arrest, pre-*Miranda* silence is "probative" and can be used for impeachment:

> In *Doyle v. Ohio*, 426 U.S. at 619, 96 S. Ct., at 2245, we held that "the use for impeachment purposes of [a defendant's] silence, at the time of arrest and after receiving *Miranda* warnings, violate[s] the Due Process Clause of the Fourteenth Amendment." This rule "rests on 'the fundamental unfairness of implicitly assuring a suspect that his silence will not be used against him and then using his silence to impeach an explanation subsequently offered at trial.'" *Wainwright v. Greenfield*, 474 U.S. 284, 291, 106 S. Ct. 634, 638, 88 L.Ed.2d 623 (1986) (quoting *South Dakota v. Neville*, 459 U.S. 553, 565, 103 S. Ct. 916, 923, 74 L.Ed.2d 748 (1983)). The "implicit assurance" upon which we have relied in our *Doyle* line of cases is the right-to-remain-silent component of *Miranda.* Thus, the Constitution does not prohibit the use for impeachment purposes of a defendant's silence prior to arrest, *Jenkins v. Anderson*, 447 U.S. 231, 239, 100 S. Ct. 2124, 2129, 65 L.Ed.2d 86 (1980), or after arrest if no *Miranda* warnings are given, *Fletcher v. Weir*, 455 U.S. 603, 606–607, 102 S.Ct. 1309, 1312, 71 L.Ed.2d 490 (1982) (*per curiam*). Such silence is probative and does not rest on any implied assurance by law enforcement authorities that it will carry no penalty. *See* 447 U.S. at 239, 100 S. Ct. at 2129.

*Id.* at 628. The *Brecht* Court went on to apply this law to a factual scenario similar to the case *sub judice*:

> This case illustrates the point well. The first time petitioner claimed that the shooting was an accident was when he took the stand at trial. It was entirely proper—and probative—for the State to impeach his testimony by pointing out that petitioner had failed to tell anyone before the time he received his *Miranda* warnings at his arraignment about the shooting being an accident. Indeed, if the shooting was an accident, petitioner had every reason—including to clear his name and preserve evidence supporting his version of the events—to offer his account immediately following the shooting. On the other hand, the State's references to petitioner's silence after that point in time, or more generally to petitioner's failure to come forward with his version of events at any time before trial, see n. 2, *supra,* crossed the *Doyle* line. For it is conceivable that, once petitioner had been given his *Miranda* warnings, he decided to stand on his right to remain silent because he believed his silence would not be used against him at trial.

*Id.* at 628–29. The parties here do not dispute that the record is completely devoid of evidence indicating that Petitioner was given any *Miranda* warning. This Court may not presume that he was. *See Fletcher*, 455 U.S. at 607; *United States v. Cummiskey*, 728 F.2d 200, 205 (3d Cir. 1984) (relying on *Fletcher* in holding that a court cannot presume that *Miranda* warnings were given).

While this Court recognizes that the above body of law developed in the context of the prosecution's introduction of evidence and/or reference to a defendant's silence at trial, as opposed to a comment about a defendant's silence being made by a trial judge sitting as the factfinder, this Court opines that the Magistrate Judge correctly concluded that there was no Fifth Amendment violation under the given circumstances. Because there was no underlying Fifth Amendment violation, all of Petitioner's claims for ineffective assistance of counsel fail.

3. The Petition for a writ of *habeas corpus*, [ECF 1, 3, 8, 21], is **DENIED**; and

4. A certificate of appealability is hereby issued.[2]

The Clerk of Court is directed to mark this matter **CLOSED**.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

It is also worth noting that in *McBride v. Superintendent, SCI Houtzdale*, the Third Circuit expressly recognized in its review of a *habeas* petition that it is "debatable" whether the admission of pre-arrest and/or pre-*Miranda* silence is a "violation of *Miranda* or *Doyle*." 687 F.3d 92, 106 (3d Cir. 2012). Based on this "reasonable argument," the *McBride* Court concluded that the state court's conclusion that the trial counsel had not provided ineffective assistance "was not an unreasonable application of *Strickland*." *Id.* at 107. Similarly here, in light of the "debatable" nature of the Fifth Amendment issues raised in this case, this Court cannot conclude that Petitioner's counsels' failure to object or raise the Fifth Amendment argument constituted ineffective assistance of counsel. As such, this Court agrees with the Magistrate Judge's analysis and conclusions and, therefore, finds that the Magistrate Judge did not commit error in his report. Accordingly, Petitioner's objections are overruled, and the R&R is adopted and approved in its entirety.

[2] A movant who seeks to appeal a final order of a district court must obtain a certificate of appealability for each claim the movant wishes to present to the Court of Appeals. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should be granted only when reasonable jurists could debate procedural or substantive dispositions of a movant's *habeas* claim. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A movant satisfies this "standard by demonstrating that jurists of reason could disagree with the district court's resolution of the case or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003). The movant, however, need not demonstrate that the appeal will succeed. *Id.*

This matter was originally referred to Magistrate Judge Linda K. Caracappa for the issuance of a report and recommendation. [ECF 9]. In her initial R&R, Magistrate Judge Caracappa recommended that a writ of *habeas* corpus should be granted with respect to Petitioner's Fifth Amendment claims. [ECF 38]. After receiving the initial R&R and Petitioner's objections thereto, this Court requested additional briefing, [ECF 54], and then remanded the matter to Magistrate Judge Caracappa to conduct an evidentiary hearing on the alleged ineffectiveness of Petitioner's trial and PCRA counsel and to issue a supplemental report and recommendation. [ECF 63]. Following Judge Caracappa's retirement, this matter was randomly reassigned to Magistrate Judge Perkin, [ECF 72], who issued the R&R addressed and adopted above.

While this Court disagrees with the recommendation offered by Magistrate Judge Caracappa in the initial R&R, this difference of opinion shows that reasonable jurists could debate whether Petitioner received ineffective assistance of counsel with respect to his underling Fifth Amendment claim. Accordingly, a certificate of appealability shall issue with respect to this claim.